**E-Filed 5/17/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U2 HOME ENTERTAINMENT, INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GATECHINA.COM, INC., et al.,<br><br>　　　　　　Defendants. | Case Number C 02-3792 JF (PVT)<br><br>ORDER[1] AWARDING ATTORNEYS' FEES AS PART OF CONTEMPT SANCTION |

On May 8, 2006, the Court issued an order granting in part Plaintiffs' motion for civil contempt sanctions. The Court concluded that an appropriate sanction was $10,000 plus Plaintiffs' reasonable attorneys' fees in litigating the contempt motion, and directed Plaintiffs to file a declaration setting forth the reasonable attorneys' fees incurred in bringing the contempt motion. The Court has received the requested declaration, Defendants' objections thereto, and Plaintiffs' reply declaration.

Based upon the reply declaration of Ory B. Sandel, Plaintiffs incurred the following

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 02-3792 JF (PVT)
ORDER AWARDING ATTORNEYS' FEES AS PART OF CONTEMPT SANCTION
(JFLC2)

1  attorneys' fees in litigating the contempt motion: Mr. Idell spent 14.4 hours[2] at $425 per hour

2  ($6,120), Ms. DeFonte spent 17.4 hours at $185 per hour ($3,219),[3] and Mr. Sandel spent 23.3[4]

3  hours at $165 per hour ($3,844.5), for total attorneys' fees spent litigating the contempt motion in

4  the amount of $13,183.50.

5      The Court concludes that these fees were reasonably incurred for the most part.  The

6  Court will reduce the fees slightly, however, based upon its conclusion that Plaintiffs

7  unreasonably took an extreme position with respect to contempt sanctions, and expended

8  resources in trying to persuade the Court that a sanctions award in excess of $5 million was

9  warranted when clearly such an award was not warranted under the circumstances of this case.

10  The Court therefore will reduce the attorneys' fees to $12,000.

11      IT IS HEREBY ORDERED that Plaintiffs are awarded $12,000 in reasonable attorneys'

12  fees as part of the contempt sanction imposed by this Court's order of May 8, 2006.

13

14

15  DATED:  5/17/06

16

17                          JEREMY FOGEL
                        United States District Judge

---

[2] Mr. Idell's declaration filed May 12, 2006 states that Mr. Idell spent 18.4 hours on the contempt motion, but the reply declaration of Ory Sandel filed May 16, 2006 clarifies that Mr. Idell inadvertently overstated the number of hours he spent preparing for and taking Mr. Lin's deposition.  Based upon Mr. Sandel's reply declaration the Court has adjusted Mr. Idell's hours to 14.4.

[3] Mr. Idell's declaration filed May 12, 2006 states that Ms. DeFonte spent 17.4 hours at $185 per hour, but then incorrectly multiplies these two numbers to arrive at a charge of $6,438 for Ms. DeFonte's time.  According to the Court's calculations, 17.4 hours multiplied by a rate of $185 results in a charge of $3,219.

[4] Mr. Idell's declaration filed May 12, 2006 states that Mr. Sandel spent 23.8 hours on the contempt motion, but Mr. Sandel's reply declaration filed May 16, 2006 states that Mr. Sandel spent 23.3 hours.

Case No. C 02-3792 JF (PVT)
ORDER AWARDING ATTORNEYS' FEES AS PART OF CONTEMPT SANCTION
(JFLC2)

1  This Order was served on the following persons:

3  Alfredo A. Bismonte     abismonte@mount.com, bshih@mount.com; mmcmanus@mount.com

4  Patricia De Fonte     Patricia.DeFonte@ibslaw.com, liz.torres@ibslaw.com; richard.idell@ibslaw.com

6  Richard J. Idell     richard.idell@ibslaw.com, patricia.defonte@ibslaw.com; june.hight@ibslaw.com; liz.torres@ibslaw.com; ory.sandel@ibslaw.com

7  Jennifer A. Marone     jennymarone@yahoo.com

8  Tiffany W. Tai     tai@brtlawyers.com